**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Fleming Companies, Inc. | ) Case No. 03-10945 (MFW) |
|     Debtor | ) |
| _____ | ) |
| PCT, | ) |
| | ) |
|     Plaintiff, | ) Adv. Pro. No. 05-78119 |
| | ) |
|     vs. | ) |
| | ) |
| AUTHENTIC SPECIALTY FOODS, INC. | ) |
| | ) |
|     Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**[1]

Before the Court is the Motion of the PCT ("the Plaintiff") for leave to amend its complaint.  The Motion is opposed by Authentic Specialty Foods, Inc. ("the Defendant").  For the reasons set forth below, the Motion will be granted.

I.    <u>BACKGROUND</u>

On April 1, 2003, Fleming Companies, Inc., and related companies (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On July 27, 2004, the Court confirmed the Debtors' Plan of Reorganization, which became effective on August 23, 2004.  Pursuant to the Plan, the Plaintiff received certain rights and claims of the Debtors to recover property and pursue causes of action.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

On March 28, 2005, the Plaintiff filed a complaint against the Defendant (the "Complaint"). On December 13, 2005, the Plaintiff filed its Motion to amend the Complaint to add three new counts to the Complaint. They are: Count 7 - avoidance of overpayments pursuant to sections 544, 548, and 549; Count 8 - breach of contract related to the overpayments; and Count 9 - quantum meruit related to the overpayments. On January 13, 2006, the Defendant filed a brief in opposition to the Motion. Supplemental briefs were subsequently filed by the parties, and the matter is ripe for decision.

## II. JURISDICTION

This Court has jurisdiction of this adversary, which is a core proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(E) & (H).

## III. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, requires that leave to amend a pleading be "freely given when justice so requires." The Supreme Court has held that leave should be "freely given" by the courts in the absence of any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Third Circuit, in evaluating these factors, has stated that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. OSHRC, 573 F.2d 820, 823 (3d Cir. 1978); see also, Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993). Further, the Third Circuit has held that prejudice to the non-moving party that is "substantial or undue" is a sufficient ground for justifying the denial of leave to amend. See Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (citing Lorenz, 1 F.3d at 1414). In the absence of substantial or undue prejudice, the denial must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment. Lorenz, 1 F.3d at 1414 (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981).

    A.    Prejudice

The Defendant argues that amending the Complaint would have a prejudicial effect on its ability to present its case. As the nonmoving party, the Defendant must "demonstrate that its ability to present its case would be seriously impaired were amendment

3

allowed." Dole v. Arco, 921 F.2d 484, 488 (3d Cir. 1990). The Defendant argues that it will be prejudiced because the parties agreed to limit their discovery and the Defendant has already exhausted the majority of its discovery allowance.

The Plaintiff asserts that the Defendant cannot demonstrate that its ability to present its case will be seriously impaired by amendment to the Complaint. It notes that the Court has already granted its motion to extend discovery until thirty days after a mediation report is filed. The Plaintiff contends that meaningful mediation cannot occur until after the amendment issue is addressed. Furthermore, the Plaintiff has stated that it is willing to stipulate to extend the number of discovery requests that the Defendant is permitted to make, thereby alleviating any prejudice to the Defendant that would result.

The Court concludes that, as a result of the discovery extension already granted and the Plaintiff's further agreement to permit additional discovery, there is no prejudice the Defendant will suffer if the motion to amend is granted.

B.   Undue Delay

The Defendant also argues that the Plaintiff unduly delayed filing its Motion. The Court disagrees. The Plaintiff's Motion was filed eight months after the Complaint, at which time discovery had not yet been completed. In the absence of prejudice to the Defendant, this length of time is acceptable.

4

See, e.g., Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (holding that "the mere passage of time, without more, does not require that a motion to amend a complaint be denied"); In re Burlington Motor Carriers, Inc., No. CIV.A. 99-157, 1999 WL 1427683, at *9 (D. Del. Dec. 30, 1999) (holding that a motion to amend filed 10 months after the complaint was not, in the absence of any other prejudicial factors, undue delay); Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co., 668 F. Supp. 906, 921 (D. Del. 1997) (holding that a passage of six and one-half years, when not motivated by bad faith, was not undue delay).

Further, the Defendant had been granted nearly two months of additional time for its response to the Complaint. In addition, the Defendant admits that the parties did engage in some settlement talks regarding the overpayments that the basis of the amended counts 7-9, although it disputes the extent of those talks. Consequently, the Court concludes that the Plaintiff did not unduly delay in filing its Motion.

    C.    <u>Futile</u>

The Defendant also asserts that counts 7 and 9 are meritless and, therefore, the amendment is futile. Futility of amendment exists when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Rouge Steel Co. v. Omnisource Corp. (In re Rouge Industries, Inc.), No.

ADV.A. 05-52242, 2006 WL 148946, at *5 (Bankr. D. Del. Jan. 19, 2006). Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss. Rouge Steel Co., No. ADV.A. 05-52242, 2006 WL 148946, at *2 (Bankr. D. Del. Jan. 19, 2006).

    1.   Count 7

The parties agree that the business transactions resulting in the alleged overpayments were post-petition. Therefore, the Defendant correctly states that the Plaintiff can only pursue the claim in count 7 under section 549 of chapter 11, not sections 544 or 548.

Section 549(d)(1) states that "an action or proceeding under this section may not be commenced . . . two years after the date of the transfer sought to be avoided." 11 U.S.C. § 549(d)(1). The Defendant claims that its business transactions with the Plaintiff ceased prior to December, 2003. If this is so, the Plaintiff's proposed count 7 would be time-barred, because the action was not commenced until mid-December, 2005, more than two years after the transfers. The Defendant argues that a time-barred claim is futile and, therefore, the amendment should not be allowed. See Miller v. MBM Corporation (In re Ameriking, Inc.), No. ADV.A. 04-57450, 2006 WL 539006, at *2 (Bankr. D. Del. 2006).

Ultimately, the Defendant's argument depends on whether the parties' business transactions were in fact terminated prior to December, 2003. That issue is a question of fact which the Court is unable to determine from the information supplied in the parties' briefs.[2]

    2.   Count 9

The Defendant argues that count 9, a quantum meruit claim for the overpayments, is also time-barred and, therefore, futile.[3] The Defendant asserts that a claim for quantum meruit is considered a contract claim for choice of law purposes and that, under Delaware choice of law principles, California law controls. The Plaintiff argues that federal common law choice of law principles apply.

The Court agrees with the Defendant's argument that the question of whether a bankruptcy court should apply federal common law choice of law principles is irrelevant here because both Delaware and federal choice of law principles apply the "most significant relationship test" found in section 188 of the Restatement Second of Conflict of Laws to determine which

---

[2] The Plaintiff's silence in its briefs on this point is not tantamount to an admission that the Defendant's assertion is accurate.

[3] A claim for quantum meruit relies upon the equitable power of the Court to prevent unjust enrichment and, as the Plaintiff has done here, can be asserted in the alternative to a claim for breach of contract.

jurisdiction's laws will apply to a written or unwritten contract claim.  See In re Am. MetroComm Corp., 274 B.R. 641, 659 (Bankr. D. Del. 2002).

Section 188 employs a five factor test to determine the most significant relationship: the place of contracting; the place of negotiating the contract; the place of performance; the location of the subject matter of the contract; and the domicile, residence, nationality, place of incorporation and place of business of the parties to the contract.  In evaluating these factors, the Court must assign each a relative importance with respect to the issue involved, while applying the conflict of laws principles listed in section 6 of the Restatement Second of Conflict of Laws.[4]

In applying these factors, the Court concludes that California law controls the quantum meruit claim.  The Defendant's primary place of business is in California and the Debtor has a place of business there (although California is not its principal place of business nor its place of incorporation).  California was the place of performance (the goods were shipped within California by the Defendant to the Debtor).  The subject

---

[4] These factors include: the needs of interstate and international systems; the relevant policies of the forum; the relevant policies of other states and the relative interests of those states in the determination of a particular issue; the protection of justified expectations; certainty, predictability, and uniformity of result; and ease in the determination and application of the law to be applied.

matter of the relationship, specialty food products, was also located in California.  Furthermore, the alleged overpayments at the heart of this adversary proceeding were sent by the Debtor to the Defendant in California.  Thus, California has the "most significant relationship" to the business transactions between the Defendant and the Debtors and, therefore, California law controls.

    Under California law, the Defendant claims that the two year statute of limitations for all actions based on unwritten contracts applies.  Cal. Civ. Proc. Code § 339 (1996).  The Plaintiff replies that section 337 of the California Code of Civil Procedure (governing written contracts) is applicable, which has a four year statute of limitations.  The Court concludes that the two year limitations period found in section 339 of the California Code governs the Plaintiff's quantum meruit claim.  See <u>Iverson, Yoakum, Papiano & Hatch v. Berwald</u>, 90 Cal. Rptr. 2d 665, 669 (Cal. Ct. App. 1999); <u>Maglica v. Maglica</u>, 78 Cal. Rptr. 2d 101, 106 (Cal. Ct. App. 1998).

    As with count 7, however, the Court cannot conclude that the Plaintiff is time-barred from asserting a quantum meruit claim.  The assertions made by the Defendant in its briefs are insufficient for the Court to find, as a matter of fact, that the business relationship between the parties ended more than two years before the action was brought.  Therefore, leave to amend

with respect to count 9 will be granted.

IV.  CONCLUSION

    The Court concludes that the Defendant has not shown that it will be prejudiced by allowing the Plaintiff to amend its complaint, nor has the Defendant shown that the Plaintiff unduly delayed filing its Motion.  Further, the Defendant's arguments that counts 7 and 9 are futile depend upon factual determinations that cannot be made at this time.  Consequently, the motion for leave to amend will be granted.

    An appropriate order is attached.

BY THE COURT:

Dated: July 31, 2006

_Mary F. Walrath_
Mary F. Walrath
United States Bankruptcy Judge